UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. Case No. 8:26-cr-266-WFJ-CPT

GRIGORIY BILETSKYY
______________________________/

**PRETRIAL DISCOVERY ORDER AND**
**NOTICE OF TRIAL AND STATUS CONFERENCE**

The defendant having been arraigned and in order to facilitate a self-executing procedure to regulate discovery proceedings in the instant action and to eliminate or minimize the number of "routine or standard discovery motions,"

IT IS HEREBY ORDERED AND ADJUDGED:

I. That upon request by the defendant, at arraignment or in writing thereafter, counsel for the government shall, not later than fourteen (14) days from the date of the defendant's request (unless otherwise specified in a particular paragraph), comply with the discovery and disclosure requirements set forth below:

A. The government shall furnish the following information and documents or supply copies thereof, which are within the possession, custody or control of the government the existence of which is known to the government.

1. All written, recorded or oral statements made by the defendant, including grand jury testimony, as defined in Rule 16(a)(1)(A).

2. The defendant's prior criminal record as defined in Rule 16(a)(1)(B).

3. Documents and tangible objects which are material to the preparation of the defense or were obtained from or belong to the defendant or are intended for use by the government in its case-in-chief, as defined in Rule 16(a)(1)(C). In addition, the government shall notify the defendant of all tape-recordings or video-recordings obtained during the investigation regardless of whether the recordings will be used in the government's case-in-chief or contain statements of the defendant.

4. Results or reports of physical or mental examination, and of scientific tests or experiments, which are material to the preparation of the defense, or are intended for use by the government, as defined in Rule 16(a)(1)(D).

5. At the defendant's request, the government shall disclose to the defendant a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Rule 16(a)(1)(E) (1993 amendment).

B. The government shall advise its agents and officers involved in this case to preserve all rough notes.

C. The government shall state whether defendant was identified in any lineup, show up, photo spread, or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

D. The government shall state whether any evidence to be introduced at trial, or leads therefrom, were obtained as a result of a search warrant issued under Rule 41, Fed. R. Crim. P.

E. The government shall state whether the defendant was the subject of electronic surveillance as defined in Title 18, United States Code,

Section 2510(11), and if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s) and order(s).

F. The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by the law and the Federal Rules of Criminal Procedure. *See id*. at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf . . ., including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that *Brady* encompasses impeachment evidence); *see also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure).

The government's obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced according to Rule 16. Where doubt exists as to the usefulness of the evidence to the defendant, the government must resolve all such doubts in favor of full disclosure.

Accordingly, the Court *sua sponte* directs the government to produce to the defendant in a timely manner—including during plea negotiations—any evidence in its possession that is favorable to the

defendant and material either to the defendant's guilt or punishment. The government is further directed to produce all discoverable evidence in a readily usable form. For example, the government must produce documents as they are kept in the usual course of business or must organize and label them clearly. The government must also produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the government is directed to produce it in a readily usable form. If the information already exists or was memorialized in a tangible format, such as a document or recording, the information shall be produced in that format. If the information does not exist in such a format and, as a result, the government is providing the information in a summary format, the summary must include sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the government has identified any information which is favorable to the defendant but which the government believes not to be material, the government shall submit such information to the Court for *in camera* review.

G. The government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois* 360 U.S. 264 (1959). The government shall supply the defendant with a record of prior convictions of any witness who will testify for the government at trial.

II. A. <u>Reciprocal Discovery</u>: Any defendant requesting discovery of those items specified in Rule 16(a)(1)(C) and (D) shall promptly disclose to the government all documents and tangible items and reports of examinations and tests to be introduced at trial as defined in Rule 16(b)(1), Fed. R. Crim. P. (reciprocal discovery).

B. <u>Rule 404(b) Evidence</u>: Not later than thirty (30) days after the date of this Order, the government shall advise the defendant of the general

nature of any evidence which it intends to introduce at trial pursuant to Rule 404(b), Fed. R. Evid., including any extrinsic act evidence which may be used during its case-in-chief, for impeachment, or for possible rebuttal purposes. *See United States v. Carrasco*, 381 F.3d 1237, 1240-1241 (11th Cir. 2004) and Fed. R. Evid. 404 advisory committee's note (1991 amendment).

III. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly-discovered information or other material within the scope of this Standing Order.

IV. A. All motions and memoranda concerning matters not covered by this Order must be filed within thirty (30) days after receipt of the government's Rule 16(a) discovery, and responses must be filed within ten (10) days thereafter subject to the certification requirements of B, below.

B. The Court will not entertain any motion relating to discovery unless counsel for the moving party certifies to the Court, in writing: (1) that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing counsel has refused to confer without good cause; and (2) that the motion concerns matters which are not covered by this order and that the relief requested is supported by a factual and legal showing as set forth in the motion and memorandum.

This case is set before the Honorable William F. Jung, United States District Judge:

**FOR TRIAL** the trial term commencing October 5, 2026.

**Motions to Continue** must be filed as soon as the need for a motion to continue is determined; and **no later than forty-eight (48) hours prior to the status conference**. Any motion shall state a reason under 18 U.S.C. § 3161(h)(7)(B) why a

continuance is requested and shall be filed as soon as it is known that a continuance is needed. Motions to continue ***must*** include the language that **defense counsel has specifically advised his client that by requesting this continuance, or consenting thereto, the defendant has waived his rights to a speedy trial**, as well as language that they have consulted with the Assistant U.S. Attorney (AUSA) assigned to the case, and the AUSA consents.

**FOR A STATUS CONFERENCE** on September 10, 2026, at 11:00 a.m.

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR TRIAL UPON 24 HOURS NOTICE.**

SO ORDERED in Tampa, Florida, this 21st day of August 2026.

Christopher P. Tuite

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record